```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


LATARSHA D. MITCHELL, o/b/o
D. L. MITCHELL,                      :

     Plaintiff,                      :

vs.                                  :
                                         CIVIL ACTION 07-0686-M
MICHAEL J. ASTRUE,                   :
Acting Commissioner of
Social Security,                     :

     Defendant.                      :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff[1] seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20). Oral argument was heard on April 4, 2008. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action

---

[1]Though this action was brought by his mother, the Court will refer to D. L. Mitchell as the Plaintiff in this action.

be **REMANDED** for further proceedings not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Mitchell was thirteen years old and had completed a sixth-grade education (Tr. 236). In claiming benefits, Plaintiff alleges disability due to mental retardation and ADHD (Doc. 13).

The Plaintiff filed a protective application for SSI on June 23, 1999 (Tr. 78-82). "In a determination dated October 15, 1999, [Mitchell] was found to be disabled as of October 15, 1999. The [Plaintiff's] disability was subsequently determined to have continued in a determination dated March 6, 2000" (Tr. 21). On April 21, 2005, it was determined that Mitchell was no longer disabled as of April 2004 and that benefits would cease on the last day of June 2004 (Tr. 44-54). Plaintiff requested a hearing

(Tr. 70-73) before an Administrative Law Judge (ALJ) who determined that Mitchell's disability had ended as of June 2004 (Tr. 18-33).  Plaintiff requested review of the hearing decision (Tr. 13-14) by the Appeals Council, but it was denied (Tr. 6-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Mitchell alleges that:  (1) The ALJ failed to develop a full and fair record; and (2) the ALJ failed to demonstrate that there had been any medical improvement (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 14).

Plaintiff first claims that the ALJ failed to develop a full and fair record, noting that he was unrepresented at the evidentiary hearing.  More specifically, Mitchell asserts that the ALJ should have updated school records and/or sought the opinions of school personnel before determining that he was no longer disabled (Doc. 13, p. 4-6).  The Court notes that the Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Before getting to the matter of record development, the Court notes that Plaintiff was unrepresented by counsel at the hearing before the ALJ (*see* Tr. 330-32).  Though not specifically asserted as a separate claim in his proposed Report and

Recommendation, Plaintiff has urged this Court, in oral argument, to consider this fact in evaluating the initial claim regarding record development.

In *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982), the Eleventh Circuit Court of Appeals stated the following:

> a waiver [of right to counsel] must establish, at some point, that the claimant is "properly apprised of his options concerning representation" to be effective. *Peppers v. Schweiker*, 654 F.2d 369, 371 (5th Cir. 1981). A claimant cannot knowingly and intelligently waive his statutory right to counsel when he is not adequately informed of it either in a prehearing notice or at his hearing.

*Smith*, 677 F.2d at 828.  The evidence of record regarding waiver of counsel demonstrates the following.

Plaintiff's mother, in requesting a hearing before the ALJ, signed a form which stated the following:  "I do not have a representative.  I understand that I have a right to be represented and that if I need representation, the Social Security office or hearing office can give me a list of legal referral and services organizations to assist me in locating a representative" (Tr. 70; *see generally* Tr. 70-72).  Another Social Security form, which, presumptively, was sent to Plaintiff, sets out a claimant's right to representation, discusses the attorney's right to a fee (as well as the attorney's need to gain approval from the Social Security

Administration in receiving that fee), and informs the claimant how to go about acquiring the services of an attorney (Tr. 74-76).

At the hearing before the ALJ, Plaintiff's mother expressed the desire to have her mother act as a representative for her son since she had helped raised him and knew as much about him as the mother did (Tr. 330-32). The ALJ said that he could have the grandmother testify as a witness without being an actual representative (*id.*). But, beyond that, there was no real colloquy between the ALJ and Plaintiff's mother concerning the right to have an attorney represent Plaintiff in this action.

The Court cannot say that Mitchell was not made aware of the right to have an attorney represent him through the documents made available to him before the hearing. The Court finds, however, that the ALJ failed to properly explain that right and make sure that a knowing, intelligent waiver of that right was being made.

Having made that determination, the Court notes that the Eleventh Circuit Court of Appeals has given instructions, regarding the development of the record in this circumstance, stating as follows:

> When a claimant who has not waived his right to counsel represents himself in a hearing, the hearing examiner's obligation to develop a full and fair record rises to a special duty. This special duty requires,

5

> essentially, a record which shows that the claimant was not prejudiced by lack of counsel. *Cowart [v. Schweiker,* 662 F.2d 731], 735 [(11th Cir. 1981)]. In carrying out this duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* at 735 (cites omitted). But "(t)he social security hearing examiner . . . does not act as counsel. He acts as an examiner charged with developing the facts." *McConnell v. Schweiker*, 655 F.2d 604, 606 (5th Cir. 1981), quoting *Richardson v. Perales*, 402 U.S. 389, 410 (1971).

*Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982).  Under *Smith*, Mitchell must show prejudice before the Court "will find that the hearing violated his rights of due process."  *Smith*, 677 F.2d at 829.

In reaching his decision, the ALJ noted that Plaintiff had taken, in January 2002, the Illinois Test of Psycholinguistic Abilities-3, on which he scored as follows:  "a general language score of 78, spoken language score of 74, semantics score of 67, grammar score of 85 and comprehension score of 88" (Tr. 25; *cf.* Tr. 154).  The ALJ also relied on the following:

> Annual progress goal notes from the Mobile County School System for the school year 2004-05, revealed that the claimant in September and October achieved the following scores:  comprehension and/or expression of age/grade curriculum and concepts:  3/5; parts of speech, analogies, formation of sentences and idioms:  3/5; and follow three to four step instructions:  3/5.  Treatment notes indicated that the claimant would meet

his goals by the end of the IEP period.

(Tr. 25; *cf.* Tr. 153).[2]

A letter from Sister Nancy Crossen at Most Pure Heart of Mary School, dated sometime in 2006,[3] which stated that Plaintiff "has great difficulty with focus.  He is unable or unwilling to have or take out the proper books, notebooks.  In a 45 minute class DeMario cannot stay on focus more than 20 minutes" (Tr. 183).  The Writer goes on to say that he works best in one-on-one situations, but that it does not afford him the opportunity to benefit from class situations (*id.*).

The Court notes that the evidentiary hearing took place on April 19, 2006 (Tr. 328) while the decision itself did not come out until almost a year later, on March 29, 2007 (Tr. 33).  Mitchell has urged this Court to find that the ALJ should have developed the record more fully by procuring more recent school records for consideration before making his final decision.  The Court agrees.

At the time of the evidentiary hearing, the most current

---

[2]The Court notes that although the ALJ indicated that Plaintiff had scored 3/5 on "follow 3 to 4 step instructions," the school records indicate that he actually scored 2/5 in October 2004 which indicated that very little progress had been made toward the goal, though it was anticipated that he would meet his goal by the end of the year (Tr. 153; *cf.* 25).

[3]Although the Social Security Administration dates the letter as December 15, 2006 (*see* Tr. 3), the actual date on the letter is *Date 15, 2006*, an obvious scrivener's error (Tr. 183).

7

school records were eighteen months old (October 2004 - April 19, 2006).  Those records, at best, measured—and reported—progress on a list of annual goals and benchmarks but failed to provide a full picture of Mitchell's abilities and weaknesses.  The only new evidence added to the record regarding Plaintiff's schoolwork, at the time the ALJ's decision was entered eleven months later, was a letter indicating that he was not doing well.  The Court cannot say that the ALJ has, on this record, scrupulously enquired into all of the relevant facts regarding Plaintiff's abilities.  *Smith*, 677 F.2d at 829.

The Court is not unaware of Plaintiff's mother's apparent non-compliance of treatment for her son at Mobile Mental Health and Carmel Health Network (Tr. 255, 265-66, 271, 291, 297) and the two psychological evaluations which were considered to have produced invalid results because Plaintiff was poorly motivated or malingering when he took them (Tr. 241-44, 315-19).  However, at thirteen, Mitchell's function is as a student; schools keep records of how students perform.  The Court can fathom no reason why the ALJ failed to obtain those records.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the Secretary's decision be **REVERSED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **REMANDED** to the Social Security

Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental evidentiary hearing for the gathering of school-related evidence. Judgment will be entered by separate Order.

DONE this 7th day of April, 2008.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE